# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | Case No. 1-17-cr-56 |
| Shane Lee Crowe, | ) | |
| Defendant. | ) | |

Before the court is Defendant's Motion for Reconsideration. (Doc. No. 237). The court ordered the Defendant detained pending trial on August 18, 2017, citing the nature of the alleged offense, the applicable presumption of detention, and the Defendant's criminal history. (Doc. No. 121). The court, however, noted it would place the Defendant on the waiting list for placement in a halfway house pending the availability of bed space. (Doc. No. 121). The Defendant's current motion asks the court to issue an order releasing the Defendant to a halfway house as soon as possible. As has been represented to the court, the United States does not oppose the motion.

The court is not inclined to release the Defendant to a halfway house at this time. From the outset, no bed space currently exists for the Defendant at any halfway house even if the court was inclined to release him. Putting that logistical concern aside, the Defendant has pled guilty and is awaiting sentencing, which is currently set for September 24, 2018. (Doc. No. 223). Based upon the Presentence Investigation Report, the Defendant likely faces a lengthy stint in a federal penitentiary. (Doc. No. 228). Under 28 U.S.C. § 3143(a), the court has little discretion to consider the Defendant for release notwithstanding the United States ostensibly not electing to invoke the statute under the circumstances. Moreover, the circumstances justifying detention in the first

instance are still present, including the presumption of detention applicable to this case and the Defendant's checkered history while on release in other criminal matters.

At bottom, the halfway houses only have limited bed space and other defendants are more deserving of those spaces. On the foregoing, the court **DENIES** the Defendant's Motion for Reconsideration without prejudice. (Doc. No. 237). If the Defendant's sentencing date becomes continued, the Defendant may again move the court to revisit this conclusion.

**IT IS SO ORDERED.**

Dated this 30th day of July, 2018.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court